IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAR -2  P 4:32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, <br><br> Plaintiff, <br><br> v. <br><br> THE SOUTHERN COMPANY, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.: 2:07 CV192-WKW

## NOTICE OF REMOVAL

Defendant The Southern Company ("Southern"), incorrectly named in the complaint as The Southern Company, Inc., hereby removes this case to the United States District Court for the Middle District of Alabama, Northern Division. This Court has jurisdiction over plaintiff's complaint by way of federal question and diversity jurisdiction. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) on the grounds that plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.* This Court has federal diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Notice of Removal is based upon the following:

1.   On January 30, 2007, plaintiff commenced this civil action by filing a complaint against The Southern Company, Inc. in the Circuit Court of Lowndes County, Alabama, Civil

892298.2

Action Number CV 07-000006. Plaintiff's complaint was served by certified mail on February 1, 2007.

2. This Notice of Removal is filed within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the pleadings and process and other papers served in this action to date.

3. Plaintiff's complaint seeks a declaration and seeks benefits from an employee pension benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. The now deceased participant, David S. Fondren, was eligible to participate in the Southern Company Pension Plan (the "Pension Plan") through his employment with Alabama Power Company ("APCo"), a wholly owned subsidiary of Southern. The Pension Plan was originally established and currently is sponsored by SCS, a wholly owned subsidiary of Southern. At all times pertinent hereto, APCo and SCS were engaged in interstate commerce. The Pension Plan is an employee pension plan as defined in 29 U.S.C. § 1002(2). APCo has adopted the Pension Plan so that its employees may participate in such plan.

4. In the complaint, the former wife of the deceased participant, Debra S. Woodall (formerly known as Debra S. Fondren), is seeking the benefits from the Pension Plan for support of her minor child, RAF                    . The complaint requests that the "Court construe the pertinent provisions of the Pension Plan." (Compliant, ad damnum clause. ¶ (a)). The complaint expressly references the ERISA statute, concedes that the Pension Plan is governed by ERISA, and invokes ERISA's concurrent jurisdiction provision, 29 U.S.C. § 1132(e)(1).

Moreover, the claims in plaintiff's complaint relate to an ERISA-governed employee pension benefit plan.

5.   This Court has original federal question jurisdiction over the claims asserted in the complaint pursuant to 28 U.S.C. § 1331 and concurrent jurisdiction under 29 U.S.C. § 1132(e)(1). This action is removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b).

6.   Plaintiff's claims are founded on a claim or right arising under ERISA because they relate to an ERISA-governed employee pension benefit plan and fall within ERISA's civil enforcement provisions, 29 U.S.C. § 1132. Notwithstanding plaintiff's filing this action in state court, plaintiff's claims are completely preempted by ERISA and are necessarily federal in character. Complete preemption establishes federal court jurisdiction. This matter is therefore removable to this Court. *See, e.g., Aetna Health Inc. v. Davila*, 124 S. Ct. 2448 (2004); *Pilot Life Ins. Co. v. Dedaux*, 481 U.S. 41 (1987) (ERISA preempts breach of contract, tortious breach of contract, and emotional distress claims related to denial of benefits); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Gilbert v. ATLA Health & Life Ins. Co.*, 276 F.3d 1292, 1304 (11th Cir. 2001) (state law fraud and breach of contract claims are preempted by ERISA); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212-13 (11th Cir. 1999) (claims for breach of contract, bad faith, and fraud in the inducement preempted by ERISA); *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195, 197-98 (11th Cir. 1992) ("there can be no dispute that the common law causes of action asserted by the plaintiffs - bad faith refusal to pay, fraud and breach of contract - fall within ERISA's express preemption clause"); *Sanson v. General Motors Corp.*, 966 F.2d 618, 620 (11th Cir. 1992), *cert denied*, 507 U.S. 984 (1993); *First Nat'l Life Ins. Co. v.*

*Sunshine-Jr. Food Stores, Inc.*, 960 F.2d 1546, 1549-50 (11th Cir. 1992), *cert denied*, 506 U.S. 1079 (1993); *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991) (claims under state law for benefits under an ERISA plan are converted to federal claims through ERISA "super preemption").

7.  The fact that plaintiff alleges the existence of a valid Qualified Domestic Relations Order ("QDRO") does not preclude this Court from exercising removal jurisdiction based upon complete preemption by ERISA. Removal is proper because federal law, ERISA, dictates that only a valid QDRO controls the distribution of plan assets. 29 U.S.C. § 1147(b)(7). Moreover, ERISA provides the standards by which a federal court determines whether a particular domestic relations order is qualified. 29 U.S.C. § 1056. In this case, plaintiff demands that there be a declaration that the Judgment of Divorce is a valid QDRO (Complaint, ad damnum clause, ¶ (c)). Therefore, this Court has jurisdiction to decide whether such a declaration can be made that a valid QDRO exists. *See, e.g., Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711 (6th Cir. 2002) (holding, in a case removed to federal court on the basis of ERISA preemption, that validity of QDRO may be determined by federal court); *see also Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 421 ("Whether a state court's order meets the statutory requirements to be a QDRO, and therefore is enforceable against the pension plan, is a matter determined in the first instance by the pension plan administrator, and, if necessary, by a court of competent jurisdiction.") (citing 29 U.S.C. § 1056(d)(3)(H)(i)).

8. This Court has federal diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Southern is informed and believes based upon allegations in the complaint that both at the time of the filing of the complaint and as of the date of this Notice of Removal, plaintiff was and still is a resident of Alabama.

10. At the time of the filing of the complaint and as of the date of this Notice of Removal, Southern was a Delaware corporation with its principal place of business in Georgia.

11. Plaintiff seeks retirement benefits in the amount of $633 per month, beginning September 1, 2000. Thus, as of the date of this Notice of Removal, plaintiff seeks back benefits totaling $50,007. Plaintiff seeks a declaration that the minor child is entitled to these back benefits, and to benefits continuing into the future. Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs, which meets the requirements of 28 U.S.C. § 1332(a).

12. A true and correct copy of this Notice of Removal has been filed with the Clerk of the Lowndes County Circuit Court as required by 28 U.S.C. § 1446(d).

DATED this 2nd day of March, 2007.

_____
One of the Attorneys for Defendant
The Southern Company

**OF COUNSEL:**

Leigh Anne Hodge (HOD010)
Lindsay S. Reese (REE061)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (877) 313-6054
E-mail: lcalligas@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by the United States Postal Service, properly addressed and postage prepaid, on this the 2nd day of March, 2007:

Stephen T. Etheredge
Dustin Fowler
BUNTIN, ETHEREDGE & DOWLING, LLC
P.O. Box 1193
Dothan, Alabama 36302

_____
Of Counsel

# EXHIBIT A

Case 2:07-cv-00192-WKW-CSC    Document 1-2    Filed 03/02/2007    Page 1 of 8

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 2/79 | **SUMMONS — CIVIL** | Case Number<br>CV 07 6<br>ID  YR  Number |
|---|---|---|

IN THE CIRCUIT                        COURT OF LOWNDES COUNTY

Plaintiff  *RAF*                      vs Defendant THE SOUTHERN COMPANY, INC.

NOTICE TO  The Southern Company, Inc., A Delaware corporation

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY  Stephen T. Etheredge and Dustin J. Fowler   WHOSE ADDRESS IS  P.O. 1193, Dothan, AL 35302.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

☐ This service by certified mail of this summons is initiated upon the written request of _____ pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

1/30/07
DATE                                 CLERK/REGISTER                    By: _____

RETURN ON SERVICE:

☐ Certified Mail return receipt received in this office on (Date)_____
(Return receipt hereto attached).

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County, Alabama on (Date) _____

DATE _____                         SERVER SIGNATURE _____
ADDRESS
OF SERVER _____                    TYPE OF PROCESS SERVER _____

COURT RECORD (White) / ADDRESSEE (Canary)                              SHELLEY'S/793-1005

IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

R AF
a minor, by and through her mother
as natural guardian and next friend,
Debra S. Woodall, f/k/a Debra S.
Fondren

    Plaintiff,

vs.

THE SOUTHERN COMPANY, INC.,
a Delaware corporation,

    Defendant.

CIVIL ACTION NO. CV-07-__4__



## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1.    R AF    is a minor child born of the marriage of David R. Fondren, now deceased, and Debra S. Fondren (now known as Debra S. Woodall).

2.    Debra S. Woodall is the mother, natural guardian, and custodial parent of R AF, is a resident citizen of Mobile County, Alabama, and at all times material hereto was a resident citizen of the State of Alabama.

3.    The Southern Company, Inc., is a Delaware corporation, duly qualified to conduct business in the State of Alabama as a foreign corporation, and was at all times material hereto conducting business in Lowndes County, Alabama, and at all such times was the employer of David R. Fondren.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties to this action and subject matter jurisdiction over the claims made the basis of this action pursuant to 29 U.S.C. §1132(e)(1). Venue is proper in Lowndes County, Alabama pursuant to 29 U.S.C. §1132(e) and Alabama Code §6-3-1, et seq.

5. On and before February 14, 2001, David R. Fondren, then married to Debra S. Fondren (now Woodall), was an employee of Defendant, The Southern Company, Inc., and was at all times material hereto a participate in the Defendant's Employee Pension Plan ("Pension Plan") and entitled to the benefits as provided by the Pension Plan.

6. David R. Fondren and Debra S. Fondren (now Woodall) were divorced by Final Judgment of Divorce entered on the 14th day of February, 2001, in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama. Said Final Judgment of Divorce, among other things, ordered and adjudged the following:

> "5. The Defendant [David R. Fondren] shall pay to the Clerk of the Circuit Court the sum of $633.00 a month, commencing September 1, 2000 and continuing until discharged by law, for the support and maintenance of the minor child of the Parties [Ridley Alexandra Fondren].
>
> \* \* \*
>
> "9. For and during the time the Defendant is obligated to pay child support herein, Defendant shall maintain and name the Plaintiff [Debra S. Fondren] the beneficiary, as Trustee for the minor child of the parties, for all of his employment benefits such as retirement, pension, savings plans and stock ownership plans."

7. The said David R. Fondren, Defendant in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama, although ordered to do so by the Court, failed and refused to name Debra S. Fondren the beneficiary, as Trustee for the minor

child of the parties, of David R. Fondren's benefits under the Pension Plan.

8.  David R. Fondren was identified as missing in March 2003 and his body was later found and his death declared on November 20, 2003.

9.  Defendant, The Southern Company, Inc., has failed and refused to pay to Debra S. Woodall, as Trustee for R A F, a minor, the benefits to which she is lawfully and contractually entitled under the Pension Plan, asserting that:

   (A) such benefits are payable only pursuant to the terms of a Qualified Domestic Relations Order;

   (B) the Judgment of the Circuit Court of Lowndes County was not sufficient to qualify as a Domestic Relations Order or Qualified Domestic Relations Order;

   (C) no Qualified Domestic Relations Order was ever entered and accepted by Defendant; and,

   (D) that no Qualified Domestic Relations Order can be entered after the death of David R. Fondren.

10. Congress, in its enactment of Employee Retirement Income Security Act ("ERISA"), in 29 U.S.C. §1144(b0(7), specifically exempted divorce decrees from the federal preemption of ERISA in order to give effect to such divorce decrees and other state-court orders insofar as they pertain to ERISA-regulated plans.

11. The requirements of a valid Qualified Domestic Relations Order ("QDRO") are outlined in 29 U.S.C. §1056(d)(3) and the first such requirement is that the same must be a domestic relations order ("DRO"). That section defines a DRO to mean a domestic relations order -- which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, ..., and includes any

judgment, decree, or order (including approval of a property settlement agreement) which— relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and which — is made pursuant to a State domestic relations law.

12. There was sufficient particularity discernable from the Judgment of Divorce and the other pleadings as filed in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama, to provide the requisite to qualify the Judgment of Divorce as a domestic relations order as that term is defined in 29 U.S.C. §1056(d)(3)(B)and (C).

13. Plaintiff would further aver that neither the Plaintiff nor the Defendant has sought by any other legal action to have their respective rights adjudicated with respect to the benefits payable under the Pension Plan and that there exists an actual justiciable controversy between the parties on which substantial property rights are dependent.

WHEREFORE, Plaintiff demands the following relief:

(a) That the Court construe its Judgment of Divorce as entered in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama, a Domestic Relations Order as that term is defined and used in the State of Alabama and under the terms of 29 U.S.C. §1001, et seq.;

(b) That the Court construe the pertinent provisions of the Pension Plan and by its Judgment declare that the Plaintiff is entitled to the benefits under said Plan;

(c) That this Court declare, nunc pro tunc, the Judgment of Divorce a valid QDRO and order the Defendant to pay to Plaintiff the benefits due to her thereunder.

(d) That the Court grant unto the Plaintiff should additional, different, and further relief as to which she may be entitled, the premises considered.

BUNTIN, ETHEREDGE & DOWLING, LLC

_____
Stephen T. Etheredge (ETH 02)
Attorney for Plaintiff
P.O. Box 1193
Dothan, Alabama 36302

_____
Dustin Fowler (FOW017)
Attorney for Plaintiff
P.O. Box 1193
Dothan, Alabama 36302

Serve Defendant:

% CSC - LAWYERS INCORPORATING SRVC, INC.
150 South Perry St.
Montgomery, AL 36104

LAW OFFICES OF
**BUNTIN, ETHEREDGE & DOWLING, L.L.C.**
P.O. BOX 1193
DOTHAN, AL 36302-1193

2/1/07

CERTIFIED MAIL

7004 0750 0002 4984 5649

%CSC-Lawyers Incorporating Service, Inc.
150 South Perry St.
Montgomery, AL 36104