IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren,<br><br>Plaintiff,<br><br>v.<br><br>THE SOUTHERN COMPANY, INC., a Delaware corporation,<br><br>Defendant. | CIVIL ACTION NO.: 2:07 CV192-WKW |

## ANSWER TO COMPLAINT

Defendants Southern Company Pension Plan ("the Plan") and Southern Company Pension Plan Retirement Board (the "Retirement Board"), as fiduciary and administrator for the Plan, (hereinafter collectively referred to as "Defendants"), improperly designated in the Complaint as Southern Company, Inc., hereby answer Plaintiff's Complaint and assert defenses as follows:

## PARTIES

1.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, deny those allegations.

2.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, deny those allegations.

3.  Defendants admit that The Southern Company is a corporation organized under the laws of Delaware with its principal place of business in Georgia, admit that at all times relevant to the complaint, The Southern Company was authorized to do business in the State of

Alabama, but Defendants deny that The Southern Company is a proper defendant. Defendants further deny any allegation of this paragraph of the complaint inconsistent with the foregoing.

## JURISDICTION AND VENUE

4. Defendants admit that 29 U.S.C. § 1132(e) provides for concurrent jurisdiction in state and federal courts over suits seeking benefits under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, admit that the Circuit Court of Lowndes County has personal jurisdiction over the parties to this action and subject matter jurisdiction over the claims made the basis of this action pursuant to 29 U.S.C. § 1132(e)(1), admit that venue is proper in Lowndes County, Alabama, pursuant to 29 U.S.C. § 1132(e) and Alabama Code § 6-3-1, *et seq.*, and admit that that personal jurisdiction, subject matter jurisdiction, and venue are also proper in this Court. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) on the grounds that Plaintiff's claims are completely preempted by ERISA. This Court also has federal diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Defendants deny that David R. Fondren was ever employed by The Southern Company, but admit that on or before February 14, 2001, Mr. Fondren was employed by Alabama Power Company, was a participant in the Plan, and was eligible to receive Plan benefits under the terms of the Plan.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, deny those allegations. To the extent that such a final judgment of divorce does exist, the judgment speaks for itself.

7. Defendants admit that Debra S. Fondren, as Trustee for the minor child, was not the named beneficiary of the Plan benefits. Defendants lack sufficient knowledge or information

to form a belief as to the truth of the allegations of this paragraph and, therefore deny those allegations.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore deny those allegations.

9. Denied as stated. Defendants admit that the Retirement Board for the Plan denied benefits to Ms. Woodall, as Trustee for a minor child. Defendants deny that Ms. Woodall, as Trustee for a minor child, is entitled to benefits under the terms of the Plan, and deny that Plaintiff is lawfully and contractually entitled to benefits under the Plan as claimed in the complaint. Defendants also allege that the payment of such benefits would violate the terms of the Plan and ERISA. Defendants deny all allegations of this paragraph of the complaint inconsistent with the foregoing.

10. The statute cited by Plaintiff in this paragraph, 29 U.S.C. § 1144(b)(7), speaks for itself. This paragraph does not require a response from Defendants.

11. The statute cited by Plaintiff in this paragraph, 29 U.S.C. § 1056(d)(3), speaks for itself. This paragraph does not require a response from Defendants.

12. Denied.

13. Defendants admit that they have not sought by any other legal action to have their respective rights adjudicated with respect to the benefits claimed under the Plan, and admit that there exists an actual justiciable controversy. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, deny those allegations.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiff is entitled to any judgment or recovery whatsoever against them, compensatory,

3

punitive or otherwise and further deny that the plaintiff is entitled to any other further relief sought.

To the extent that any allegations have not been expressly admitted, they are denied.

## **DEFENSES**

1. Plaintiff's complaint, and each count thereof, fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring a claim under ERISA.

3. Defendants' denial of Plaintiff's request for pension benefits under the Plan was not arbitrary or capricious.

4. Payment of benefits as alleged and sought in the complaint would be a violation of the terms of the Plan and ERISA.

5. The Plan under which Plaintiff is seeking benefits is an employee pension plan governed by ERISA.

6. Defendants deny that Plaintiff is entitled to compensatory, extra-contractual or punitive damages because such relief is not available under ERISA's civil enforcement provisions.

7. Plaintiff's recovery, if any, is limited to the relief available under ERISA.

8. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

9. Plaintiff's claims are barred by waiver and/or estoppel.

10. Plaintiff is not entitled to any of the relief requested in the complaint.

11. The domestic relations order relied upon by plaintiff is not eligible to be qualified under ERISA and therefore cannot provide the basis for payment to Plaintiff.

12. Any attempt to qualify the domestic relations order relied upon by Plaintiff is untimely as it was not filed with the Retirement Board for the Plan in a reasonable period of time.

13. Plaintiff's claims are completely preempted and/or defensively preempted by ERISA, 29 U.S.C. § 1132(a) and § 1144(a).

14. Plaintiff's claims are subject to all terms and conditions of the Plan at issue in this lawsuit.

15. Defendants aver that the denial of Plaintiff's claim for benefits was not incorrect and/or arbitrary and capricious and avers that payment of Plaintiff's claim for benefits, if ordered by this Court, would be a violation of the terms of the Plan and ERISA.

16. At the times material to the Complaint, Defendants acted prudently and in good faith in all dealings with the former participant in the Plan and the Plaintiff in regards to the Plan.

17. Plaintiff is not entitled to an award of attorney's fees, interest, and/or costs of this action.

18. Some or all of Plaintiff's claims are barred by the doctrines of unjust enrichment, absence of duty, failure to mitigate damages, and/or failure of condition precedent.

19. The Southern Company is not a proper defendant and is due to be dismissed.

20. Defendants reserve the right to assert additional defenses in this case as they become known.

WHEREFORE, Defendants request that Plaintiff take nothing by her Complaint and that Defendants be awarded their attorney's fees pursuant to 29 U.S.C. 1132(g) and such other relief to which they may show themselves to be entitled.

DATED this 9th day of March, 2007.

s/Leigh Anne Hodge
One of the Attorneys for The Southern Company,
Southern Company Pension Plan, and Southern
Company Pension Plan Retirement Board

**OF COUNSEL:**

Leigh Anne Hodge (HOD010)
Lindsay S. Reese (REE061)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (877) 313-6054
E-mail: lcalligas@balch.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of March, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen T. Etheredge
Dustin Fowler
BUNTIN, ETHEREDGE & DOWLING, LLC
P.O. Box 1193
Dothan, Alabama 36302

                                    s/Leigh Anne Hodge

                                    One of the Attorneys for The Southern Company, Southern Company Pension Plan, and Southern Company Pension Plan Retirement Board

                                    Leigh Anne Hodge (HOD010)
Lindsay S. Reese (REE061)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (877) 313-6054
E-mail: lcalligas@balch.com