**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

April 27, 2007

# NOTICE OF CORRECTION

**From:**              Clerk's Office

**Case Style:**        R.A.F. v. The Southern Company, Inc.

**Case Number:**       #2:07-cv-00192-WKW

**Referenced Document:**  Document #10
                          Second Motion to Amend Complaint

**This notice has been docketed to enter the proposed Amended Complaint into the record as an attachment to the referenced document which was omitted at the original time of filing in error. The pdf of the proposed Amended Complaint is attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R A F, a minor ) | |
| ) | |
|    *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07 |
| ) | CV 192-WKW |
| THE SOUTHERN COMPANY PENSION ) | |
| PLAN AND THE SOUTHERN COMPANY ) | |
| PENSION PLAN RETIREMENT BOARD ) | |
| ) | |
|    *Defendants.* ) | |

**AMENDED COMPLAINT**

PARTIES

1. R. A. F is a minor child born of the marriage of David R. Fondren, now deceased, and Debra S. Fondren (now known as Debra S. Woodall).

2. Debra S. Woodall is the mother, natural guardian, and custodial parent of R A F, is a resident citizen of Mobile County, Alabama, and at all times material hereto was a resident citizen of the State of Alabama.

3. The Southern Company Pension Plan is the pension plan under which David Fondren was a participant as a result of his employment with Alabama Power Company.

4. The Southern Company Pension Plan Retirement Board is that certain entity which serves as fiduciary and administrator of the Southern Company Pension Plan.

JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties to this action and subject matter jurisdiction over the claims made the basis of this action pursuant to 29

U.S.C.§1132(e)(1). Venue is proper in Lowndes County, Alabama pursuant to 29 U.S.C.§1132(e) and Alabama Code §6-3-1, et seq.

6.  On and before February 14, 2001, David R. Fondren, then married to Debra S. Fondren (now Woodall), was an employee of Alabama Power Company and was at all times material hereto a participate in the Southern Company Employee Pension Plan ("Pension Plan") and entitled to the benefits as provided by the Pension Plan.

7.  David R. Fondren and Debra S. Fondren (now Woodall) were divorced by Final Judgment of Divorce entered on the 14th day of February, 2001, in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama. Said Final Judgment of Divorce, among other things, ordered and adjudged the following:

> "5. The Defendant [David R. Fondren] shall pay to the Clerk of the Circuit Court the sum of $633.00 a month, commencing September 1, 2000 and continuing until discharged by law, for the support and maintenance of the minor child of the Parties [R A F].
>
> \* \* \*
>
> "9. For and during the time the Defendant is obligated to pay child support herein, Defendant shall maintain and name the Plaintiff [Debra S. Fondren] the beneficiary, as Trustee for the minor child of the parties, for all of his employment benefits such as retirement, pension, savings plans and stock ownership plans."

8.  The said David R. Fondren, Defendant in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama, although ordered to do so by the Court, failed and refused to name Debra S. Fondren the beneficiary, as Trustee for the minor child of the parties, of David R. Fondren's benefits under the Pension Plan.

9.  David R. Fondren was identified as missing in March 2003 and his body was later

found and his death declared on November 20, 2003.

10.  Defendant, the Southern Company Pension Retirement Board has failed and refused to pay to Debra S. Woodall, as Trustee for R A F, a minor, the benefits to which she is lawfully and contractually entitled under the Pension Plan, asserting that:

(A) such benefits are payable only pursuant to the terms of a Qualified Domestic Relations Order;

(B) the Judgment of the Circuit Court of Lowndes County was not sufficient to qualify as a Domestic Relations Order or Qualified Domestic Relations Order;

(C) no Qualified Domestic Relations Order was ever entered and accepted by Defendant; and,

(D) that no Qualified Domestic Relations Order can be entered after the death of David R. Fondren.

11.  Congress, in its enactment of Employee Retirement Income Security Act ('ERISA"), in 29 U.S.C. §1144(b)(7), specifically exempted divorce decrees from the federal preemption of ERISA in order to give effect to such divorce decrees and other state-court orders insofar as they pertain to ERISA-regulated plans.

11.  The requirements of a valid Qualified Domestic Relations Order ('QDRO") are outlined in 29 U.S.C. §1 056(d)(3) and the first such requirement is that the same must be a domestic relations order ("DRO"). That section defines a DRO to mean a domestic relations order -- which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, ..., and includes any judgment, decree, or order (including approval of a

property settlement agreement) which-- relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and which is made pursuant to a State domestic relations law.

12.     There was sufficient particularity discernable from the Judgment of Divorce and the other pleadings as filed in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama, to provide the requisite to qualify the Judgment of Divorce as a domestic relations order as that term is defined in 29 U.S.C. §1056(d)(3)(B)and (C).

13.     Plaintiff would further aver that neither the Plaintiff nor the Defendants have sought by any other legal action to have their respective rights adjudicated with respect to the benefits payable under the Pension Plan and that there exists an actual justiciable controversy between the parties on which substantial property rights are dependent.

WHEREFORE, Plaintiff demands the following relief:

(a)     That the Court construe its Judgment of Divorce as entered in Civil Action No. 98-43, in the Circuit Court of Lowndes County, Alabama, a Domestic Relations Order as that term is defined and used in the State of Alabama and under the terms of 29 U.S.C. §1001, et seq.;

(b)     That the Court construe the pertinent provisions of the Pension Plan and by its Judgment declare that the Plaintiff is entitled to the benefits under said Plan;

(c)     That this Court declare, nunc pro tunc, the Judgment of Divorce a valid QDRO and order the Defendant to pay to Plaintiff the benefits due to her thereunder.

(d)     That the Court grant unto the Plaintiff should additional, different, and further relief as to which she may be entitled, the premises considered.

Dated this 11th day of April, 2007.

        BUNTIN, ETHEREDGE & DOWLING

        **/s/** Lexa E. Dowling
        Lexa E. Dowling
        Attorney for Plaintiff

**OF COUNSEL:**

Stephen T. Etheredge(ETH 02)
Buntin, Etheredge & Dowling
Post Office Box 1193
Dothan, Alabama 36302
Telephone (334) 793-3377
Facsimile (334) 793-7756

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon the following by the United States Postal Service, properly addressed and postage prepaid, on this the 11th day of April, 2007:
Leigh Anne Hodge
Lindsey S. Reese
Balch & Bingham, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

        /s/ Lexa E. Dowling
        Lexa E. Dowling