**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.:  2:07 CV 192-WKW<br>) |
| The Southern Company Pension Plan and The Southern Company Pension Plan Retirement Board, | )<br>)<br>)<br>) |
| Defendants. | ) |

# REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on April 19, 2007 and was attended by:

Steve Etheredge and Lexa Dowling for Plaintiff.

Leigh Anne Hodge and Lindsay Reese for Defendants.

2. **Pre-discovery Disclosures.**

The parties will exchange the information required by Rule 26(a)(1) by **May 18, 2007**.

3.   **Discovery Plan**

Defendants object to discovery in this case, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as Defendants assert that the Court's scope of review is limited to the administrative record.  Plaintiff contends that this court is not limited to the administrative record. Rather, the court should be allowed to consider any evidence which it deems relevant and material to the issues raised in the Plaintiff's Complaint for relief. Without waiver of objections, in the event Defendant's objection is overruled and discovery is allowed, discovery would be needed on the following subjects: plaintiff's claims and all other allegations in plaintiff's complaint and matters incidental thereto; defendant's defenses and matters incidental thereto; plaintiff's damages, defenses thereto, and mitigation thereof.

a.   All discovery must be commenced in time to be completed by **November 7, 2007**.

b.   Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

c.   Maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service.

d.   Maximum of 3 depositions by each party.  No deposition shall exceed 7 hours unless extended by agreement of the parties.

  e. Reports from retained experts, if any, under Rule 26(a)(2) are due:

  From plaintiff by: **September 3, 2007**.

  From defendant by: **September 17, 2007**.

  f. Supplementations under Rule 26(e) are due as soon as practicable but no later than 30 days prior to the discovery deadline.

  g. The Court's scope of review is limited to the administrative record. Therefore, there should be no discovery relating to electronically stored information.

  h. The parties agree to exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product document prior to the disclosure of any such documents or material. Inadvertent disclosure of the privileged or protected material does not waive the privilege or protection. Upon discovering the inadvertent disclosure of such material, the disclosing party shall notify the receiving party. The receiving party shall immediately return or destroy the inadvertently produced documents or material, and all copies and derivations. Questions of privilege and protection shall ultimately be decided by the Court.

  4. **Other items.**

    a. The parties do not request a conference with the court before entry of the scheduling order.

    b.    The parties request a pretrial conference on or about **January 7, 2008**.

    c.    Plaintiff should be allowed until **June 1, 2007** to join additional parties and amend the pleadings.

        Defendant should be allowed until **June 29, 2007** to add additional parties and amend the pleadings.

    d.    All potentially dispositive motions should be filed by **December 3, 2007**.

    e.    Settlement cannot be evaluated at least until the parties have exchanged their initial disclosures. The usefulness of Alternative Dispute Resolution Procedures cannot be evaluated at this time but may be useful at a later date.

    f.    Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due 30 days before trial.

    g.    Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    h.    The case should be ready for trial by **February 4, 2008**. At this time, the parties expect the trial to take approximately 1 day.

Dated:    April 27, 2007.

By:    s/ Lexa Dowling
Lexa Dowling
Steve Etheredge
Buntin, Etheredge & Dowling
Post Office Box 1193
Dothan, Alabama 36302
**Counsel for Plaintiff**

4

By:    s/ Leigh Anne Hodge
      Leigh Anne Hodge
      Lindsay S. Reese
      BALCH & BINGHAM, LLP
      1710 Sixth Avenue North
      Birmingham, Alabama 35203
      **Counsel for Defendants**