IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO: 2:07 CV-00192-WKW<br>) |
| THE SOUTHERN COMPANY PENSION PLAN AND THE SOUTHERN COMPANY PENSION PLAN RETIREMENT BOARD, | )<br>)<br>)<br>) |
| Defendant. | ) |

## ANSWER TO AMENDED COMPLAINT

Defendants Southern Company Pension Plan ("the Plan") and Southern Company Pension Plan Retirement Board (the "Retirement Board"), as fiduciary and administrator for the Plan, (hereinafter collectively referred to as "Defendants"), hereby answer Plaintiff's Amended Complaint and assert defenses as follows:

## PARTIES

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, deny those allegations.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, deny those allegations.

3. Defendants admit that the Southern Company Pension Plan is the pension plan under which David Fondren was a participant as a result of his employment with Alabama Power Company.

4.     Defendants admit that the Southern Company Pension Plan Retirement Board is the entity which serves as fiduciary and administrator of the Southern Company Pension Plan.

## JURISDICTION AND VENUE

5.     Defendants admit that this Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) on the grounds that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendants also admit that personal jurisdiction, subject matter jurisdiction, and venue are also proper in this Court.

6.     Defendants admit that on or before February 14, 2001, Mr. Fondren was employed by Alabama Power Company, was a participant in the Plan, and was eligible to receive Plan benefits under the terms of the Plan.

7.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, deny those allegations. To the extent that such a final judgment of divorce does exist, the judgment speaks for itself.

8.     Defendants admit that Debra S. Fondren, as Trustee for the minor child, was not the named beneficiary of the Plan benefits. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore deny those allegations.

9.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore deny those allegations.

10.    Denied as stated. Defendants admit that the Retirement Board for the Plan denied benefits to Ms. Woodall, as Trustee for a minor child. Defendants deny that Ms. Woodall, as Trustee for a minor child, is entitled to benefits under the terms of the Plan, and deny that Plaintiff is lawfully and contractually entitled to benefits under the Plan as claimed in

the complaint. Defendants also allege that the payment of such benefits would violate the terms of the Plan and ERISA. Defendants deny all allegations of this paragraph of the complaint inconsistent with the foregoing.

11. The statute cited by Plaintiff in this paragraph, 29 U.S.C. § 1144(b)(7), speaks for itself. This paragraph does not require a response from Defendants.

11.[1] The statute cited by Plaintiff in this paragraph, 29 U.S.C. § 1056(d)(3), speaks for itself. This paragraph does not require a response from Defendants.

12. Denied.

13. Defendants admit that they have not sought by any other legal action to have their respective rights adjudicated with respect to the benefits claimed under the Plan, and admit that there exists an actual justiciable controversy. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, deny those allegations.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiff is entitled to any judgment or recovery whatsoever against them, compensatory, punitive or otherwise and further deny that the plaintiff is entitled to any other further relief sought.

To the extent that any allegations have not been expressly admitted, they are denied.

### **DEFENSES**

1. Plaintiff's complaint, and each count thereof, fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring a claim under ERISA.

---

[1] Note that Plaintiff's Amended Complaint improperly labeled paragraph 12 as paragraph 11. Therefore, in order to be consistent with the Complaint, defendants have numbered their responses in accordance with Plaintiff's Complaint.

3

3. Defendants' denial of Plaintiff's request for pension benefits under the Plan was not arbitrary or capricious.

4. Payment of benefits as alleged and sought in the complaint would be a violation of the terms of the Plan and ERISA.

5. The Plan under which Plaintiff is seeking benefits is an employee pension plan governed by ERISA.

6. Defendants deny that Plaintiff is entitled to compensatory, extra-contractual or punitive damages because such relief is not available under ERISA's civil enforcement provisions.

7. Plaintiff's recovery, if any, is limited to the relief available under ERISA.

8. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

9. Plaintiff's claims are barred by waiver and/or estoppel.

10. Plaintiff is not entitled to any of the relief requested in the complaint.

11. The domestic relations order relied upon by plaintiff is not eligible to be qualified under ERISA and therefore cannot provide the basis for payment to Plaintiff.

12. Any attempt to qualify the domestic relations order relied upon by Plaintiff is untimely as it was not filed with the Retirement Board for the Plan in a reasonable period of time.

13. Plaintiff's claims are completely preempted and/or defensively preempted by ERISA, 29 U.S.C. § 1132(a) and § 1144(a).

14. Plaintiff's claims are subject to all terms and conditions of the Plan at issue in this lawsuit.

15. Defendants aver that the denial of Plaintiff's claim for benefits was not incorrect and/or arbitrary and capricious and avers that payment of Plaintiff's claim for benefits, if ordered by this Court, would be a violation of the terms of the Plan and ERISA.

16. At the times material to the Complaint, Defendants acted prudently and in good faith in all dealings with the former participant in the Plan and the Plaintiff in regards to the Plan.

17. Plaintiff is not entitled to an award of attorney's fees, interest, and/or costs of this action.

18. Some or all of Plaintiff's claims are barred by the doctrines of unjust enrichment, absence of duty, failure to mitigate damages, and/or failure of condition precedent.

19. Defendants reserve the right to assert additional defenses in this case as they become known.

WHEREFORE, Defendants request that Plaintiff take nothing by her Complaint and that Defendants be awarded their attorney's fees pursuant to 29 U.S.C. 1132(g) and such other relief to which they may show themselves to be entitled.

DATED this 18th day of May, 2007.

s/Leigh Anne Hodge
One of the Attorneys for Southern Company
Pension Plan and Southern Company Pension Plan
Retirement Board

**OF COUNSEL:**
Leigh Anne Hodge (HOD010)
Lindsay S. Reese (REE061)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

5

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (877) 313-6054
E-mail: lcalligas@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18st day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen T. Etheredge
Dustin J. Fowler
Lexa Dowling
BUNTIN, ETHEREDGE & DOWLING, LLC
P.O. Box 1193
Dothan, Alabama  36302

                              s/Leigh Anne Hodge

                              One of the Attorneys for Southern Company Pension Plan and Southern Company Pension Plan Retirement Board

                              Leigh Anne Hodge (HOD010)
                              Lindsay S. Reese (REE061)
                              BALCH & BINGHAM LLP
                              Post Office Box 306
                              Birmingham, Alabama 35201-0306
                              Telephone:  (205) 251-8100
                              Facsimile:  (205) 226-8798

                              Louis M. Calligas
                              BALCH & BINGHAM LLP
                              Post Office Box 78
                              Montgomery, AL 36101-0078
                              Telephone: (334) 834-6500
                              Facsimile: (877) 313-6054
                              E-mail: lcalligas@balch.com