IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, <br><br> Plaintiff, <br><br> v. <br><br> THE SOUTHERN COMPANY PENSION PLAN AND THE SOUTHERN COMPANY PENSION PLAN RETIREMENT BOARD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO: 2:07 CV-00192-WKW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF FILING EVIDENTIARY SUBMISSION

The Plaintiff files the attached divorce decree, Plaintiff's Exhibit A, in support of their Opposition for Summary Judgment:

s/ Dustin J. Fowler
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Leigh Anne Hodge
Lindsay S. Reese
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

s/Dustin J. Fowler

# EXHIBIT A

| | |
|---|---|
| DEBRA S. FONDREN, | IN THE CIRCUIT COURT OF |
| Plaintiff, | |
| vs. | LOWNDES COUNTY, ALABAMA |
| DAVID RIDLEY FONDREN, | |
| Defendant. | CASE NO: DR-98-43 |

### FINAL JUDGEMENT OF DIVORCE

This cause came to be heard and was submitted for final judgement upon the pleadings and testimony as taken in open Court. The Defendant failed to appear and is therefore in default. Upon consideration thereof, it is ORDERED and DECREED as follows:

1. The bonds of matrimony previously existing between the Plaintiff and Defendant are dissolved and they are forever divorced from each other for and on account of incompatibility of temperament.

2. Neither party shall contract marriage, except with each other, until sixty (60) days after the date of this judgement. Should an appeal be taken with forty-two (42) days of the date of this judgement, neither party shall contract marriage, except with each other, during the period of appeal.

3. The cost incurred in this case shall be paid by the Plaintiff and upon request, execution may issue.

4. The Plaintiff shall have the sole, legal and physical custody of the minor child of the Parties, namely, Ridley Alexandria Fondren, born December 8, 1996, subject to reasonable visitation privileges of the Defendant, to be exercised at the discretion of the Plaintiff.

5. The Defendant shall pay to the Clerk of the Circuit Court the sum of $633.00 per month, commencing September 1, 2000 and continuing until discharged by law, for the support and maintenance of the minor child of the Parties.

6. All of the right, title, claim and interest in and to the marital residence of the Defendant is awarded to the Plaintiff. The Defendant shall execute, by statutory warranty deed, his interest in the marital residence to the Plaintiff. Said real property is more particularly described as follows:

> That real property located in the Southeast Quarter of Southeast Quarter, SECTION 29, TOWNSHIP 12 NORTH, RANGE 15 EAST, St. Stephens Meridian, Lowndes County, Alabama, being more accurately described as follows: Commencing at the Southeast corner of said SECTION 29, thence North 87°59' W a distance of 919.1 feet to an iron pin and the point of beginning for this tract, thence continue N 87°59' W, a distance of 343.97 feet to a concrete marker on the East right of way line of Cassady Street, thence N 0°06' E along the East right of way line of Cassady Street a distance of 701.1 feet, thence continuing along said right of way line a distance of 328.0 feet to an iron pin, thence S 84°41' E a distance of 136.5 feet to an iron pin, thence S 09°15' E a distance of 39.5 feet to an iron pin, thence S 88° a distance of 225.5 feet to an iron pin, thence S 01°55' W a distance of 981.98 feet to the point of beginning for this tract, containing 8.22 acres, more or less.

Should the Defendant fail to execute the statutory warranty deed as described above, within 60 days of the date of this decree, Plaintiff may make application to the Clerk of the Circuit Court for execution of such deed by and on behalf of the Defendant, all without further order of this Court.

7. Plaintiff shall have and recover a judgment against the Defendant in the amount of $13,200.00 for his failure to pay child support pendente lite, pursuant to this Court's order of August 17, 1999.

8. As property settlement herein, Defendant shall pay all sums due the First Lowndes Bank and which is secured by a first mortgage on the marital residence and

which is in the approximate amount of $47,000.00.

9. For and during the time that the Defendant is obligated to pay child support herein, Defendant shall maintain and name the Plaintiff the beneficiary, as Trustee for the minor child of the Parties, for all of his employment benefits such as retirement, pension, savings plans and stock ownership plans.

10. As property settlement herein, Defendant is awarded ownership of all employment benefits, as stated above, subject to the beneficiary designation required herein.

Reference is hereby made to a separate order entitled, Income Withholding Order for payment of Child Support, the entry of which is required by Section 30-3-61(c) <u>Code of Alabama, 1975</u>, and which is specifically incorporated herein. For the reasons stated in the agreement of the parties, the Income Withholding Order shall not be immediately served until request by either party.

DONE this the 14 day of February, 2006, the ___

_____
Edward McFee
CIRCUIT JUDGE