IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, <br><br> Plaintiff, <br><br> v. <br><br> THE SOUTHERN COMPANY PENSION PLAN AND THE SOUTHERN COMPANY PENSION PLAN RETIREMENT BOARD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO: 2:07 CV-00192-WKW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF FILING EVIDENTIARY SUBMISSION

The Plaintiff files the attached, Plaintiff's Exhibit B, AR-553 through AR-565 (the Administrative Record) in support of their Opposition for Summary Judgment:

s/ Dustin J. Fowler
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Leigh Anne Hodge
Lindsay S. Reese
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

                                                      s/Dustin J. Fowler

# EXHIBIT B

Southern Company Services, Inc.
270 Peachtree Street NW
Atlanta, Georgia 30303



SOUTHERN COMPANY
*Energy to Serve Your World®*

May 3, 2004

Brandon Simmons

VIA FACSIMILE

Re:   Sample Qualified Domestic Relations Order ("QDRO") for
      The Southern Company Pension Plan

Dear Mr. Simmons:

Enclosed is a sample QDRO form that may be of help to you as legal counsel in preparing a QDRO applicable to your client's particular situation. Please be advised, however, that the enclosed QDRO form is intended only to illustrate sample language that may be used in drafting domestic relations orders that qualify as QDROs. Depending on your client's intent in the division of his marital assets and the facts and circumstances of your client's case, use of this form in its entirety, or in part, may not be appropriate.

This form does not cover every conceivable division of benefits. As legal counsel, you should carefully review the benefits provided to your client under the Plan, as described in the Summary Plan Description provided to the employee, to determine your client's options. The sample form can then be adapted to address your client's specific situation.

You are not required to use the sample form. The enclosed form does not represent the exclusive form for Domestic Relations Orders that will be qualified by Southern Company Services as a QDRO.

If you should have any questions regarding this form or your client's benefits, please feel free to call.

Sincerely,

*Nancy Jones*

Nancy Jones
Southern Company Compensation & Benefits

Enclosures

AR-553

[REDACTED]

_____ COURT OF _____ COUNTY

STATE OF _____

_____, )
                )
Plaintiff,      )
                )
v.              )          CIVIL ACTION FILE
                )          NO. _____
                )
_____, )
                )
Defendant.      )

## QUALIFIED DOMESTIC RELATIONS ORDER

### THE SOUTHERN COMPANY PENSION PLAN

This matter having been presented to this Court and the Court having heard evidence as to a certain defined benefit pension plan in which the *Plaintiff/Defendant* (the "Participant") is a participant, and all other issues in this action having been previously determined as set out in that certain Final Judgment and Decree (the "Decree") entered [*INSERT DATE OF DIVORCE DECREE*], and for the purpose of entry of a Qualified Domestic Relations Order ("QDRO") as defined in §206(d)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and §414(p) of the Internal Revenue Code of 1986, as amended (the "Code"), in order to implement the division and distribution of the Participant's interest in said defined benefit pension plan maintained by the Participant's employer or former employer, [*INSERT NAME OF EMPLOYING COMPANY*] (the "Company"), and due notice having been given, and the Court having jurisdiction of the parties and the subject matter, and the Court being fully advised in the premises, and the Court having fully considered the same;

THIS COURT FINDS AND IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.

This Order is intended to be a "Qualified Domestic Relations Order," as defined in §206(d)(3) of ERISA and §414(p) of the Code, and relates to the provision of marital property rights to *Plaintiff/ Defendant* ("Alternate Payee") and is made pursuant to the domestic relations law of the State of [*INSERT NAME OF STATE*]. This Order is intended to create, establish and recognize the rights of Alternate Payee as an "alternate payee" (as that term is

AR-554

defined in §206(d)(3)(K) of ERISA and §414(p)(8) of the Code) to receive a specified portion of the benefits payable to the Participant under The Southern Company Pension Plan, as amended and restated (the "Pension Plan"). This Order shall be effective as to, and shall apply to, the Pension Plan and any and all amended, merged or successor versions thereof.

2.

## IDENTIFICATION OF PARTIES

ALTERNATE PAYEE

Name: _____

Address: _____

SSN: _____ Date of Birth _____

EMPLOYEE

Name: _____

Address: _____

SSN: _____ Date of Birth _____

3.

## ACCRUED RETIREMENT INCOME

[CAUTION: THE SUMMARY PLAN DESCRIPTION FOR THE PLAN AND THE PLAN'S QDRO PROCEDURES SHOULD BE REVIEWED BEFORE COMPLETING THIS SECTION]: The Alternate Payee shall be entitled to _____% of the Participant's accrued Retirement Income as defined under Section 1.32 of the Pension Plan ("Accrued Retirement Income") as of *[INSERT EFFECTIVE DATE THAT BENEFIT IS TO BE PARTITIONED]* ("Partitioned Benefit") to the extent it is vested on the date of payment set forth in Section 6. The portion of the Participant's Accrued Retirement Income not awarded to the Alternate Payee in this paragraph shall be referred to as the Participant's "Retained Benefit". Any Accrued Retirement Income earned after the effective date that the Accrued Retirement Income is to be partitioned shall be referred to as "Future Accruals".

AR-555

4.

SURVIVOR BENEFITS

The Alternate Payee shall be treated as a surviving spouse of the Participant under the Pension Plan with respect to the Alternate Payee's Partitioned Benefit. [CAUTION: ONLY **ONE** OF THE FOLLOWING SURVIVOR BENEFIT ALTERNATIVES MAY BE SELECTED]. [ALTERNATIVE #1] The Alternate Payee shall not be treated as the Participant's Surviving Spouse with respect to the Participant's Retained Benefit. [ALTERNATIVE #2] The Alternate Payee shall be treated as the Surviving Spouse of the Participant with respect to ____% {*DESIGNATE ANY PERCENTAGE FROM 1% TO 100%*} of the Retained Benefit for purposes of the preretirement and post-retirement survivor benefits payable under the Plan. [CAUTION – THE FOREGOING SURVIVOR BENEFIT ALTERNATIVES EXPRESS ONLY TWO OF A MULTIPLE OF INTERESTS AN ALTERNATE PAYEE MAY ACQUIRE IN THE RETAINED BENEFIT OF THE PARTICIPANT AND DOES **NOT** AWARD ANY SURVIVOR INTEREST IN FUTURE ACCRUALS – HAVE YOUR ATTORNEY REVIEW THE PLAN AND SUMMARY PLAN DESCRIPTION CAREFULLY TO DETERMINE THE BEST SURVIVOR OPTION FOR YOUR PARTICULAR SITUATION].

5.

Upon entry of this Order, this Order shall be submitted to the Retirement Board in order that the Retirement Board may recognize the Alternate Payee as an alternate payee with respect to the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest.

To the fullest extent permitted under §206(d)(3) of ERISA and §414(p) of the Code, the Alternate Payee is hereby awarded all rights, title and interest of the Participant in the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest, both as a beneficiary (as defined in Section 3(8) of ERISA) and as an alternate payee, and the Alternate Payee shall be entitled to payment and distribution of the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest in accordance with Section 6 below.

6.

Subject to any mandatory distribution dates set forth in the Pension Plan, the Alternate Payee shall be entitled to elect to commence the distribution of the Alternate Payee's Partitioned Benefit as soon as practicable after the Participant attains the earliest retirement age for distribution of an early retirement benefit under the terms of the Pension Plan or the date the Participant would have attained the earliest retirement age for distribution of an early

AR-556

retirement benefit under the terms of the Pension Plan if the Participant was then living.

The Alternate Payee's Partitioned Benefit shall be distributed monthly as an annuity for the life of the Alternate Payee, based upon the Alternate Payee's age and applying the actuarial assumptions in effect under the Pension Plan at the time such distribution shall commence to the Alternate Payee. Notwithstanding the above, if the present value of the Alternate Payee's Partitioned Benefit does not exceed $5,000, the Alternate Payee's Partitioned Benefit shall be distributed in a single lump sum as soon as practicable following the qualification of this Order as a QDRO. No portion of the Alternate Payee's Partitioned Benefit shall be payable to the Alternate Payee's estate, any surviving spouse or other beneficiary following the Alternate Payee's death either before or after the commencement of distributions to the Alternate Payee.

**[IF THE ALTERNATE PAYEE IS TREATED AS THE PARTICIPANT'S SURVIVING SPOUSE WITH RESPECT TO ALL OR A PORTION OF THE RETAINED BENEFIT, INCLUDE THE FOLLOWING LANGUAGE IN ADDITION TO THE PRECEDING PARAGRAPH.]** Distribution of the Alternate Payee's survivor interest in the Participant's Retained Benefit shall commence as follows: (a) with respect to pre-retirement benefits, upon the Alternate Payee's election on the date allowed or required under the terms of the Pension Plan; or (b) with respect to post-retirement benefits, as soon as practicable after the participant's death. Payment of the Alternate Payee's survivor interest in the Participant's Retained Benefit shall cease with the last payment preceding the death of the Alternate Payee. No portion of the Alternate Payee's survivor interest in the Participant's Retained Benefit shall be payable to the Alternate Payee's estate, any surviving spouse or other beneficiary following the Alternate Payee's death either before or after the commencement of distributions to the Alternate Payee. Payment of the Alternate Payee's survivor interest in the Participant's Retained Benefit with respect to post-retirement benefits shall be in the form elected by the Participant subject to the consent of the Alternate Payee as the Participant's Surviving Spouse. **[IF THE ALTERNATE PAYEE HAS BEEN AWARDED A SURVIVOR INTEREST IN THE PARTICIPANT'S FUTURE ACCRUALS, THEN ADDRESS THE DISTRIBUTION OF THIS BENEFIT HERE ALSO.]**

7.

The Employee is hereby ordered to execute all documents and to take all actions necessary to effectuate the foregoing terms of this Order.

8.

The Alternate Payee shall be responsible for the payment of any income taxes due as a consequence of the payment of Pension Plan benefits to the Alternate Payee.

9.

The period to which this Order applies begins on {INSERT DATE OF DIVORCE DECREE}, and shall continue until the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest is completely distributed to the Alternate Payee in accordance with the applicable provisions of the Pension Plan and this Order.

10.

Nothing in this Order requires, and the Order shall not be construed to require, the Pension Plan to provide:

(a) any type or form of benefit or any option not otherwise provided or available to any participant under the Pension Plan;

(b) increased benefits other than those authorized by the Pension Plan; or

(c) payments of benefits to an alternate payee that are required to be paid to another alternate payee under a previously determined QDRO.

11.

This Order shall take effect upon the Retirement Board's notification to the Alternate Payee and the Employee that the Order constitutes a QDRO and shall be binding on the Retirement Board according to the laws of the State of {INSERT NAME OF STATE} the Code and ERISA. This Court shall retain jurisdiction of this cause to clarify, modify, or amend the Order or any subsequent orders entered to effectuate the intention of this Order and to take such action as is necessary to accomplish the goal of creating a QDRO.

IT IS SO ORDERED, this _____ day of _____, _____.

{INSERT APPROPRIATE SIGNATURE AND NOTARIZATION LINES AS REQUIRED BY THE LOCAL JURISDICTION}

Revised 03/16/04

AR-558

Southern Company Services, Inc.
270 Peachtree Street NW
Atlanta, Georgia 30303



May 25, 2004

Brandon Simmons
Attorney at Law
P. O. Box 237
Greenville, AL 36037

RE: David Fondren

Dear Mr. Simmons:

I received your inquiry regarding the death of David Fondren and survivor benefits under The Southern Company Employee Pension Plan ("Pension Plan"). Enclosed per your request is a copy of the summary plan description for the Pension Plan.

Under the terms of the Pension Plan and pursuant to Section 414(p) of the Internal Revenue Code ("Code") and Section 206 of the Employee Retirement Income Security Act of 1974 ("ERISA"), a participant's benefits under a retirement plan, such as the Pension Plan, generally may not be assigned or alienated. One exception to this rule, however, exists with respect to a qualified domestic relations order ("QDRO"). Briefly, a QDRO is a domestic relations order that creates the existence of the right of an "alternate payee" to receive all or a portion of the benefits payable with respect to a participant under a pension plan. Under the Code and ERISA, a domestic relations order satisfies the requirements of a QDRO only if it does not require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan, and only if it does not require the plan to provide increased benefits. The administrator of a plan has the duty to determine whether a domestic relations order satisfies the requirements of a QDRO.

Under the terms of the Pension Plan, in the event a participant who has not begun receiving benefits dies, his spouse is entitled to receive a survivor benefit on the later of the date of his death or the date he would have been eligible to retire (age 50). No other benefits are payable on behalf of such participant under the Pension Plan. Since Mr. Fondren was not married and no qualified domestic relations order was on file at the time of his death, rights to his benefit ceased under the terms of the Pension Plan at the time of his death. Therefore, no survivor benefit is payable under the Pension Plan after his death since he died single. Accordingly, a domestic relations order relating to Mr. Fondren's benefits under the Pension Plan that is received after the date of his death could not constitute a QDRO since any payments required under such order would require the Pension Plan to pay benefits in a form not otherwise provided under the Pension Plan (i.e., make surviving spouse payments on behalf of a single individual).

AR-559

I have also enclosed a sample QDRO as well as a copy of our procedures. Section III. C. of the procedures addresses the treatment of a post-mortem QDRO. Steps for consideration of a QDRO received following the death of a participant.

I hope this information is helpful to you. Please let me know if you have any questions.

Sincerely,

*Nancy Jones*

Nancy Jones
Principal, Pension Plan Administration
Southern Company Compensation and Benefits

AR-560

[REDACTED BLOCK]

_____ COURT OF _____ COUNTY

STATE OF _____

_____, )
              )
Plaintiff,    )
              )
v.            )           CIVIL ACTION FILE
              )           NO. _____
              )
_____, )
              )
Defendant.    )

## QUALIFIED DOMESTIC RELATIONS ORDER
## THE SOUTHERN COMPANY PENSION PLAN

This matter having been presented to this Court and the Court having heard evidence as to a certain defined benefit pension plan in which the *Plaintiff/Defendant* (the "Participant") is a participant, and all other issues in this action having been previously determined as set out in that certain Final Judgment and Decree (the "Decree") entered *[INSERT DATE OF DIVORCE DECREE]*, and for the purpose of entry of a Qualified Domestic Relations Order ("QDRO") as defined in §206(d)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and §414(p) of the Internal Revenue Code of 1986, as amended (the "Code"), in order to implement the division and distribution of the Participant's interest in said defined benefit pension plan maintained by the Participant's employer or former employer, *[INSERT NAME OF EMPLOYING COMPANY]* (the "Company"), and due notice having been given, and the Court having jurisdiction of the parties and the subject matter, and the Court being fully advised in the premises, and the Court having fully considered the same;

THIS COURT FINDS AND IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

I.

This Order is intended to be a "Qualified Domestic Relations Order," as defined in §206(d)(3) of ERISA and §414(p) of the Code, and relates to the provision of marital property rights to *Plaintiff/Defendant* ("Alternate Payee") and is made pursuant to the domestic relations law of the State of *[INSERT NAME OF STATE]*. This Order is intended to create, establish and recognize the rights of Alternate Payee as an "alternate payee" (as that term is

AR-561

defined in §206(d)(3)(K) of ERISA and §414(p)(8) of the Code) to receive a specified portion of the benefits payable to the Participant under The Southern Company Pension Plan, as amended and restated (the "Pension Plan"). This Order shall be effective as to, and shall apply to, the Pension Plan and any and all amended, merged or successor versions thereof.

## 2.

### IDENTIFICATION OF PARTIES

**ALTERNATE PAYEE**

Name: _____

Address: _____

SSN: _____ Date of Birth _____

**EMPLOYEE**

Name: _____

Address: _____

SSN: _____ Date of Birth _____

## 3.

### ACCRUED RETIREMENT INCOME

[CAUTION: THE SUMMARY PLAN DESCRIPTION FOR THE PLAN AND THE PLAN'S QDRO PROCEDURES SHOULD BE REVIEWED BEFORE COMPLETING THIS SECTION]: The Alternate Payee shall be entitled to _____% of the Participant's accrued Retirement Income as defined under Section 1.32 of the Pension Plan ("Accrued Retirement Income") as of [INSERT EFFECTIVE DATE THAT BENEFIT IS TO BE PARTITIONED] ("Partitioned Benefit") to the extent it is vested on the date of payment set forth in Section 6. The portion of the Participant's Accrued Retirement Income not awarded to the Alternate Payee in this paragraph shall be referred to as the Participant's "Retained Benefit". Any Accrued Retirement Income earned after the effective date that the Accrued Retirement Income is to be partitioned shall be referred to as "Future Accruals".

4.

## SURVIVOR BENEFITS

The Alternate Payee shall be treated as a surviving spouse of the Participant under the Pension Plan with respect to the Alternate Payee's Partitioned Benefit. [CAUTION: ONLY ONE OF THE FOLLOWING SURVIVOR BENEFIT ALTERNATIVES MAY BE SELECTED]. [ALTERNATIVE #1] The Alternate Payee shall not be treated as the Participant's Surviving Spouse with respect to the Participant's Retained Benefit. [ALTERNATIVE #2] The Alternate Payee shall be treated as the Surviving Spouse of the Participant with respect to _____ % [DESIGNATE ANY PERCENTAGE FROM 1% TO 100%] of the Retained Benefit for purposes of the preretirement and post-retirement survivor benefits payable under the Plan. [CAUTION – THE FOREGOING SURVIVOR BENEFIT ALTERNATIVES EXPRESS ONLY TWO OF A MULTIPLE OF INTERESTS AN ALTERNATE PAYEE MAY ACQUIRE IN THE RETAINED BENEFIT OF THE PARTICIPANT AND DOES NOT AWARD ANY SURVIVOR INTEREST IN FUTURE ACCRUALS – HAVE YOUR ATTORNEY REVIEW THE PLAN AND SUMMARY PLAN DESCRIPTION CAREFULLY TO DETERMINE THE BEST SURVIVOR OPTION FOR YOUR PARTICULAR SITUATION].

5.

Upon entry of this Order, this Order shall be submitted to the Retirement Board in order that the Retirement Board may recognize the Alternate Payee as an alternate payee with respect to the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest.

To the fullest extent permitted under §206(d)(3) of ERISA and §414(p) of the Code, the Alternate Payee is hereby awarded all rights, title and interest of the Participant in the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest, both as a beneficiary (as defined in Section 3(8) of ERISA) and as an alternate payee, and the Alternate Payee shall be entitled to payment and distribution of the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest in accordance with Section 6 below.

6.

Subject to any mandatory distribution dates set forth in the Pension Plan, the Alternate Payee shall be entitled to elect to commence the distribution of the Alternate Payee's Partitioned Benefit as soon as practicable after the Participant attains the earliest retirement age for distribution of an early retirement benefit under the terms of the Pension Plan or the date the Participant would have attained the earliest retirement age for distribution of an early

AR-563

retirement benefit under the terms of the Pension Plan if the Participant was then living.

The Alternate Payee's Partitioned Benefit shall be distributed monthly as an annuity for the life of the Alternate Payee, based upon the Alternate Payee's age and applying the actuarial assumptions in effect under the Pension Plan at the time such distribution shall commence to the Alternate Payee. Notwithstanding the above, if the present value of the Alternate Payee's Partitioned Benefit does not exceed $5,000, the Alternate Payee's Partitioned Benefit shall be distributed in a single lump sum as soon as practicable following the qualification of this Order as a QDRO. No portion of the Alternate Payee's Partitioned Benefit shall be payable to the Alternate Payee's estate, any surviving spouse or other beneficiary following the Alternate Payee's death either before or after the commencement of distributions to the Alternate Payee.

**[IF THE ALTERNATE PAYEE IS TREATED AS THE PARTICIPANT'S SURVIVING SPOUSE WITH RESPECT TO ALL OR A PORTION OF THE RETAINED BENEFIT, INCLUDE THE FOLLOWING LANGUAGE IN ADDITION TO THE PRECEDING PARAGRAPH.]** Distribution of the Alternate Payee's survivor interest in the Participant's Retained Benefit shall commence as follows: (a) with respect to pre-retirement benefits, upon the Alternate Payee's election on the date allowed or required under the terms of the Pension Plan; or (b) with respect to post-retirement benefits, as soon as practicable after the participant's death. Payment of the Alternate Payee's survivor interest in the Participant's Retained Benefit shall cease with the last payment preceding the death of the Alternate Payee. No portion of the Alternate Payee's survivor interest in the Participant's Retained Benefit shall be payable to the Alternate Payee's estate, any surviving spouse or other beneficiary following the Alternate Payee's death either before or after the commencement of distributions to the Alternate Payee. Payment of the Alternate Payee's survivor interest in the Participant's Retained Benefit with respect to post-retirement benefits shall be in the form elected by the Participant subject to the consent of the Alternate Payee as the Participant's Surviving Spouse. **[IF THE ALTERNATE PAYEE HAS BEEN AWARDED A SURVIVOR INTEREST IN THE PARTICIPANT'S FUTURE ACCRUALS, THEN ADDRESS THE DISTRIBUTION OF THIS BENEFIT HERE ALSO.]**

7.

The Employee is hereby ordered to execute all documents and to take all actions necessary to effectuate the foregoing terms of this Order.

AR-564

8.

The Alternate Payee shall be responsible for the payment of any income taxes due as a consequence of the payment of Pension Plan benefits to the Alternate Payee.

9.

The period to which this Order applies begins on {INSERT DATE OF DIVORCE DECREE}, and shall continue until the Alternate Payee's Partitioned Benefit and the Alternate Payee's survivor interest is completely distributed to the Alternate Payee in accordance with the applicable provisions of the Pension Plan and this Order.

10.

Nothing in this Order requires, and the Order shall not be construed to require, the Pension Plan to provide:

(a) any type or form of benefit or any option not otherwise provided or available to any participant under the Pension Plan;

(b) increased benefits other than those authorized by the Pension Plan; or

(c) payments of benefits to an alternate payee that are required to be paid to another alternate payee under a previously determined QDRO.

11.

This Order shall take effect upon the Retirement Board's notification to the Alternate Payee and the Employee that the Order constitutes a QDRO and shall be binding on the Retirement Board according to the laws of the State of {INSERT NAME OF STATE} the Code and ERISA. This Court shall retain jurisdiction of this cause to clarify, modify, or amend the Order or any subsequent orders entered to effectuate the intention of this Order and to take such action as is necessary to accomplish the goal of creating a QDRO.

IT IS SO ORDERED, this _____ day of _____, _____.

{INSERT APPROPRIATE SIGNATURE AND NOTARIZATION LINES AS REQUIRED BY THE LOCAL JURISDICTION}

Revised 03/16/04

AR-565