IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO: 2:07 CV-00192-WKW ) |
| THE SOUTHERN COMPANY PENSION PLAN AND THE SOUTHERN COMPANY PENSION PLAN RETIREMENT BOARD, | ) ) ) ) ) |
| Defendant. | ) ) |

**NOTICE OF FILING EVIDENTIARY SUBMISSION**

The Plaintiff files the attached, Plaintiff's Exhibit C, AR-545 through AR-548 (the Administrative Record) in support of their Opposition for Summary Judgment:

s/ Dustin J. Fowler
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Leigh Anne Hodge
Lindsay S. Reese
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

s/Dustin J. Fowler

# EXHIBIT C

# Stokes & Clinton
### Attorneys at Law
### A Professional Corporation

B. F. Stokes, III
J. Paul Clinton*
*Also admitted in Florida and Mississippi

OF COUNSEL:
William B. Jackson, II

Michael J. McDaniel**
Recovery Manager
**Non-Attorney

September 15, 2005

Ms. Nancy Jones
c/o Southern Company
270 Peachtree Street, NW, Bin 943
Atlanta, Georiga 30303

Re: Debra S. Woodall f/k/a Debra S. Fondren v. David Ridley Fondren
Case No. DR-98-043

Dear Ms. Jones:

Please recall that we recently discussed the retirement benefits of David Ridley Fondren, who deceased on November 20, 2003.

In the near future I propose to file an appearance in the above lawsuit as successor counsel of record in behalf the plaintiff. Enclosed please find a suggested Qualified Domestic Relations Order. I would appreciate it if you would review the same and advise as to whether it is acceptable and if so whether the Southern Company Retirement Plan would be in agreement with the content of this order. If so I will proceed to file the same in the above referenced case. Please let me hear from you at your earliest opportunity.

Sincerely,

B.F. STOKES, III

BFS/bk
Enclosure

P O Box 091801 • 1000 Downtowner Boulevard • Mobile, Alabama 36691
(251) 460-2400 • FAX (251) 460-2510

AR-545

IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DEBRA S. WOODALL f/k/a DEBRA S. FONDREN,
Plaintiff,

Vs.

CASE NO. DR-98-43

DAVID RIDLEY FONDREN
(now deceased),
Defendant.

## QUALIFIED DOMESTIC RELATIONS ORDER

WHEREAS, the above parties were married to each other on October 2, 1977; and

WHEREAS, the above parties were divorced by order of this Court dated February 14, 2001; and

WHEREAS, the defendant deceased on November 20, 2003; and

WHEREAS, at the time of his death the said David Ridley Fondren was a participant under the Southern Company Pension Plan; and

WHEREAS, the above stated final judgment of divorce included the following provisions:

> "9. For and during the time that the Defendant is obligated To pay child support herein, Defendant shall maintain And name the Plaintiff the beneficiary, as Trustee for The minor child of the Parties, for all of his employment Benefits such as retirement, pension, savings plans and Stock ownership plans.
>
> 10. As property settlement herein, Defendant is awarded Ownership of all employment benefits, as stated above, Subject to the beneficiary designation required herein."

IT IS NOW ORDERED, ADJUDGED AND DECREED as follows:

1. As used in this order the following terms shall apply:

AR-546

(a) "Participant" shall mean David Ridley Fondren who is now deceased. A copy of said death certificate is attached hereto. The said David Ridley Fondren was born on July 2, 1953 and his Social Security Number was 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.

(b) The alternate payee is designated as Debra S. Woodall f/k/a Fondren both in her capacity as trustee of Ridley Alexandria Fondren, a minor child and in her individual capacity. The said Debra S. Woodall f/k/a Fondren and her Social Security Number is 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.

(c) "Plan" shall mean the Southern Company Pension Plan.

(d) "Plan Administrator" shall mean the person so designated as holding this position in the plan or a designee

2. The alternate payee shall be awarded from said plan 100% of the value of participant's account as of the date of his death namely, November 20, 2003. Any outstanding loan balance which might have been owed by said participant shall not be deducted from the participant's account prior to determining the alternate payee's award. The plan administrator shall transfer said 100% of said retirement plan to the said Debra S. Woodall f/k/a Fondren, as trustee and individually, after determination that the within order is a qualified domestic relations order.

3. The amount transferred to the separate account of the alternate payee will reflect the alternate payee's share of the earnings (losses) on the participant's plan account earned during the period beginning on the date of divorce and ending on the date on which all or part of the participant's savings plan account balance is transferred to the alternate payee's account (the "account split date"). The portion transferred to the alternate payee shall be the sum to equal the value of participant's accounts and investments and the earnings attributable to each on the account split pay.

4. The benefit awarded to the alternate payee shall be placed in an account in the alternate payee's name as trustee and individually.

5. The alternate payee shall take and receive a complete distribution of the account as soon as practicable.

6. The alternate payee shall each be responsible for federal, state, and local income taxes and/or other taxes attributable to distributions from the plan which are received by the alternate payee.

7. The parties shall cause a copy of this order to be served on the administrator-benefits forthwith. This order shall remain in effect until further order of this court or its terms and/or obligations have been discharged by the distribution of benefits from the plan.

AR-547

8. Nothing contained in this order shall be construed to require the plan or administrator-benefits to:

 (a) Provide to the alternate payee any type or form of benefit or any Option not otherwise available to the participant under the plan;

 (b) To provide to the alternate payee increased benefits (determined on the basis of actuarial value) not available to the participant.

9. In the event the administrator-benefits does not approve the form of this order, then each party shall cooperate and do all things reasonably necessary to devise a form of order acceptable to the administrator-benefits.

10. The court retains jurisdiction to enforce, revise, modify or amend this order insofar as necessary to establish or maintain its qualification as a QDRO or to amend this order for other reasons provided. However, neither this order nor any subsequent revision, modification, or amendment shall require the plan to provide any benefit not otherwise provided by the plan.

IT IS HEREBY ORDERED that the within Qualified Domestic Relations Order is deemed executed on this ___ day of _____, 2005.

       CIRCUIT JUDGE, LOWNDES COUNTY, ALABAMA

The undersigned hereby approves the above Qualified Domestic Relations Order both as to its form and content:

By: aka Debra S. Fondren
Alternate Payee

Attorney

AR-548