IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| R.A.F., a minor, by and through her mother as natural guardian and next friend, Debra S. Woodall, f/k/a Debra S. Fondren, <br><br> Plaintiff, <br><br> v. <br><br> THE SOUTHERN COMPANY PENSION PLAN AND THE SOUTHERN COMPANY PENSION PLAN RETIREMENT BOARD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO: 2:07 CV-00192-WKW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOTICE OF FILING EVIDENTIARY SUBMISSION**

The Plaintiff files the attached, Plaintiff's Exhibit D, AR-533 (the Administrative Record) in support of their Opposition for Summary Judgment:

s/ Dustin J. Fowler
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Leigh Anne Hodge
Lindsay S. Reese
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

Louis M. Calligas
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

s/Dustin J. Fowler

# EXHIBIT D

Southern Company Services, Inc.
Bin SC1002
30 Ivan Allen Jr. Boulevard NW
Atlanta, Georgia 30308



*Energy to Serve Your World*™

November 29, 2005

B. F. Stokes, III
Stokes & Clinton
Attorneys at Law
P.O. Box 991801
Mobile, Alabama 36691

RE: David R. Fondren Domestic Relations Order

Dear Mr. Stokes:

I am writing in response to your letter dated September 15, 2005, requesting that we review the proposed domestic relations order ("Order") you prepared in connection with David R. Fondren's participation under The Southern Company Pension Plan ("Plan").

We understand that Mr. Fondren died in November 2003. Under the terms of the Plan, in the event a participant dies before distribution of his benefit has commenced, a survivor benefit shall be paid to the spouse to whom the participant was married on the date of his death. Thus, only the surviving spouse of a participant, or an alternate payee pursuant to a valid qualified domestic relations order ("QDRO"), is entitled to survivor benefits under the Plan. Since Mr. Fondren was not married on the date of his death, no survivor benefit is payable under the Plan unless it is determined that Ms. Fondren is an alternate payee pursuant to a valid QDRO.

The proposed Order which you provided to us, however, would not constitute a QDRO because it was received after the death of Mr. Fondren. Enclosed please find another copy of the Procedures Pertaining to Qualified Domestic Relations Orders with respect to the Plan (we had also sent you a copy of these procedures via facsimile on August 1, 2005). Paragraph III.C of these procedures addresses the treatment of a domestic relations order that is received after the death of the participant. It provides that an order generally cannot qualify as a QDRO if it is received after the death of the participant. However, an appeal can be filed with the Retirement Board requesting that it consider, based upon the facts and circumstances of the case, whether the order can be considered a QDRO. The procedures provide as an example of such circumstances whether there was sufficient time to obtain an order prior to the death of the participant.

Consequently, based on the fact that a qualified domestic relations order generally cannot qualify as a QDRO under the Plan if it is received after the death of the participant, this letter sets forth the denial of Ms. Fondren's claim for benefits. Thus, in accordance with the claims procedures for the Plan and the QDRO Procedures, Ms. Fondren is entitled to submit to the Retirement Board an appeal of this claim denial. Such appeal must be submitted in writing within sixty (60) days from the date of this letter and should set forth the reasons for the appeal. Additional information may be submitted in the appeal.

AR-533